**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| TAFT WILLIAMS, JR., | * |
| | * |
| Plaintiff, | * |
| | *     Civil No. TMD 17-1083 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Deputy Commissioner for Operations, | * |
| Social Security Administration, | * |
| | * |
| Defendant.[1] | * |
| | *********** |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S**
**ALTERNATIVE MOTION FOR REMAND**

Plaintiff Taft Williams, Jr., seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 20).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the

---

[1] The positions of Commissioner of Social Security and Deputy Commissioner of Social Security are vacant. Nancy A. Berryhill is performing the delegable duties and functions of the Commissioner of Social Security. Brief for Respondent at 1 n.1, *Culbertson v. Berryhill*, No. 17-773 (U.S. filed Apr. 5, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

I

**Background**

Born in 1962, Plaintiff has a GED and previously worked as a maintenance engineer and quilting machine operator. R. at 24, 39-40. Plaintiff protectively filed applications for DIB on April 4, 2013, and for SSI on April 19, 2013, alleging disability beginning on September 15, 2009, due to depression, anxiety, and bipolar disorder. R. at 14, 212-15, 228. The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 83-134, 139-52. On July 31, 2015, ALJ Michael Carr held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified. R. at 31-82. On August 26, 2015, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of September 15, 2009, through the date of the decision. R. at 11-30. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on February 15, 2017. R. at 1-5, 8. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On April 19, 2017, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

A.  **State Agency Consultants**

The ALJ noted in his decision:

Dr. Walls, the state agency reviewing psychologist, opined in June 2013 that [Plaintiff] can understand and remember very short, simple instructions. He can remember simple work locations and procedures. He will have some distractibility and slowed work pace because of his symptoms, but he can maintain attention and concentration for two-hour periods over an eight-hour day to carry out simple tasks at a productive pace. He will function best at tasks involving little to no interaction with others, and he will have limited tolerance for frequent, recurrent contact with the public. He can adapt to most changes and task demands on a sustained basis[.]

R. at 22; *see* R. at 87-92, 98-103.

The ALJ further noted:

Dr. Mihm, the state agency reviewing psychologist, noted in August 2013 that [Plaintiff] can understand and remember very short, simple instructions. He can remember simple work locations and procedures. He will have some distractibility and slowed work pace because of his symptoms, but he can maintain attention and concentration for two-hour periods over an eight-hour day to carry out simple tasks at a productive pace. Occasionally his symptoms may intrude on his concentration and the completion of a workday. He can relate to others in the workplace on a superficial level, but he will perform best in a setting that does not require extensive social interaction. He can avoid ordinary hazards, and adapt to simple changes in the workplace, though changes should be introduced slowly. He can set goals and plans in the workplace[.]

R. at 22; *see* R. at 112-17, 125-30.

B.  **Plaintiff's Testimony**

The ALJ reviewed Plaintiff's testimony in his decision:

[Plaintiff] is a 52-year-old man who is currently homeless, and splits time between his mother's apartment and a friend's house. He testified that his mental impairments prevent him from working because he is easily irritated, has a short attention span, does not trust or get along with others, and has frequent hallucinations. He receives treatment for these problems, but his symptoms persist. He is able to shop, and use public transportation, though he is

uncomfortable when the bus is crowded. He cleans his area when he is staying with his mother, prepares his own meals, and does his own dishes, but he relies on his mother to do his laundry. He goes shopping with assistance, and he is capable of caring for his personal needs, but he does not always choose to do so. During the day, he prepares breakfast and spends most of his time watching television or sleeping. He has trouble following the plot of a television show, and can read for just two or three minutes before he gets distracted. In the past, he used drugs and alcohol, but he has remained substance-free since December 2014. Elsewhere, [Plaintiff] added that he manages his own funds and follows instructions without difficulty. He avoids spending time with others, and he does not deal well with stress or changes to his routine[.]

R. at 20 (citing R. at 236-52, 261-69); *see* R. at 39-71.

**C.    VE Testimony**

The VE testified that a hypothetical individual with Plaintiff's same age, education, and work experience and with the residual functional capacity ("RFC") outlined below in Part III could perform the jobs of hand packager, laundry worker, floor waxer, small-parts assembler, electronics assembly worker, or laundry folder. R. at 74-76, 79-80. All work in the competitive market would be unavailable to a person off task 20% of an eight-hour workday. R. at 80. The tolerable threshold for off-task behavior in an eight-hour workday is up to 10%, in addition to regular breaks. R. at 80. With the exception of her testimony regarding productivity levels, among other things, the VE's testimony was consistent with the *Dictionary of Occupational Titles*.[3] R. at 81.

---

[3] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

# III

## Summary of ALJ's Decision

On August 26, 2015, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of September 15, 2009; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations (but did not have any medically determinable impairment as of his date last insured of December 31, 2011); but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy, such as a hand packager, laundry worker, floor waxer, small-parts assembler, electronics assembly worker, or laundry folder. R. at 16-25. The ALJ thus found that he was not disabled from September 15, 2009, through the date of the decision. R. at 25.

In so finding, the ALJ found that, with regard to concentration, persistence, or pace, Plaintiff had moderate difficulties. R. at 18.

> He has indicated that he has trouble sustaining attention for items he does not find interesting, and he testified that he can read for just two or three minutes before he gets distracted. Nonetheless, treating and examining clinicians typically fail to describe any deficits in his attention, concentration, or memory during appointments, and he is able to prepare meals, manage his own funds, and take public transportation, which all require him to sustain some degree of attention and concentration. For these reasons, he has a moderate limitation in concentration, persistence, or pace.

R. at 18-19 (citations omitted).

The ALJ then found that Plaintiff had the RFC to perform "a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to performing simple, routine, repetitive tasks. He is limited to making simple work-related decisions. He can

tolerate occasional contact with supervisors and coworkers, but he cannot tolerate contact with the public." R. at 19. The ALJ considered Plaintiff's credibility and found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 20.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# V

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# VI

## Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-7, ECF No. 15-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 5. In particular, he contends that, although the ALJ found that he had moderate difficulties with regard to concentration, persistence, or pace, the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC assessment. *Id.* Rather, the ALJ limited him to the performance of "simple, routine, repetitive tasks." *Id.* For the reasons discussed below, the Court remands this case for further proceedings.

> SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC
>
> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from

moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

Here, the ALJ found that Plaintiff's difficulties in maintaining concentration, persistence, or pace were moderate because he "remains able to prepare simple meals, take public transportation, and manage his own funds, which all require him to follow instructions or procedures and sustain some degree of attention and concentration." R. at 22; *see* R. at 19. The ALJ's hypothetical question to the VE and the corresponding RFC assessment limiting Plaintiff to "performing simple, routine, repetitive tasks" where he "can tolerate occasional contact with supervisors and coworkers, but he cannot tolerate contact with the public" (R. at 19; *see* R. at 74-75) do not account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, however. *See Mascio*, 780 F.3d at 638; *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam) (rejecting contention that "the ALJ accounted for [the claimant's] limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(C)(2). Because the Court cannot discern the reason why the ALJ's RFC assessment did not include any limitations on Plaintiff's ability to sustain tasks, the Court remands this matter for further proceedings. *See Claiborne v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-1918, 2015 WL 2062184, at *3-4 (D. Md. May 1, 2015).

The ALJ, moreover, failed to explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, he could remain on task for at least 90% of an eight-hour workday. The ALJ "must *both* identify evidence that supports his conclusion *and*

'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). In particular, the ALJ "must build a logical bridge between the limitations he finds and the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v. Astrue*, 879 F. Supp. 2d 941, 953 (N.D. Ill. 2012) (citing *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011)). An ALJ's failure to do so constitutes reversible error. *See Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). In short, the inadequacy of the ALJ's analysis frustrates meaningful review. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *Ashcraft v. Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment). Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is appropriate for this reason as well. *See Mascio*, 780 F.3d at 636.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 20) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**. Defendant's final decision is

**REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: June 22, 2018                                                            /s/
                                                                    Thomas M. DiGirolamo
                                                                    United States Magistrate Judge